UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------------------x

PROLEC GE INTERNACIONAL,
S. De R.L., De C.V.,

        Plaintiff,

  -against-

HLI RAIL & RIGGING, LLC, FRESH MEADOW
MECHANICAL CORP., KANSAS CITY
SOUTHERN RAILWAY COMPANY,
and CITY UNDERWRITING AGENCY, INC.,

        Defendants.

------------------------------------------------------------x

Case No.: ( )

**COMPLAINT**

        Plaintiff, Prolec GE Internacional, S. De R.L., De C.V. ("Prolec GE"), by its attorneys Caruso Glynn, LLC, complaining of the Defendants, alleges upon information and belief, as follows:

### Parties

    1.    Plaintiff, Prolec GE, is a corporation and/or business entity existing under and pursuant to foreign laws with an office and place of business located at Monterrey, N.L., Mexico, Blvd. Carlos Salinas de Gortari, Km. 9.25 Apodaca, N.L., 66600 Mexico.

    2.    Defendant, HLI Rail & Rigging, LLC (hereinafter "HLI"), is a business entity and/or corporation existing under and pursuant to the laws of the State of New York which operates as a common carrier of goods with an office and place of business at 65-01 Fresh Meadow Lane, Fresh Meadows, New York 11365.

    3.    Defendant, Fresh Meadow Mechanical Corp. (hereinafter "FMMC"), is a business entity and/or corporation existing under and pursuant to the laws of the State of New York which operates as a common carrier of goods with an office and place of business at 65-01 Fresh Meadow Lane, Fresh Meadows, New York 11365.

4.    Defendant, Kansas City Southern Railway Company (hereinafter "KCS"), is a business entity and/or corporation existing under and pursuant to the laws of a state of the United States of America with an office and place of business at 604 Serrano Road, Laredo, Texas 78046.

5.    Defendant, City Underwriting Agency, Inc. (hereinafter "City"), is a business entity and/or corporation existing under and pursuant to the laws of the State of New York with an office and place of business at 2001 Marcus Avenue (W-180), Lake Success, New York 11402.

### Jursidiction

6.    This Court has in personam jurisdiction over each of the captioned defendants who conduct business within the United States as a whole within the meaning of Rule 4(k)(2) of the Federal Rules of Civil Procedure, and were at all material times engaged in the business of carriage of cargo for hire and/or the provision of services related thereto, and/or were bailees or warehousemen.

7.    Plaintiff seeks recovery for cargo loss and damage caused by defendants' breaches of contracts and torts.

8.    The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and 49 U.S.C. § 14706 (the "Carmack Amendment" to the Interstate Commerce Act).

9.    This action is also filed under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

10.    In addition to claims for cargo loss or damage, there exist issues which constitute questions of insurance coverage under an Admiralty or Maritime contract of insurance and thereby come within the Admiralty and Maritime jurisdiction of the United States District Court, pursuant to

Title 28 U.S.C. § 1333 *et seq.*, and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the Admiralty and Maritime jurisdiction of the United States and of this Honorable Court.

11.     An actual controversy of a justiciable nature exists between plaintiff and defendants involving the rights and obligations under a marine contract of insurance and depending on the construction of said contract, the aforesaid controversy can be determined by a judgment of this Court, without further suit.

## Background

12.     In 1995, Xignux, S.A. De C.V., a Mexican industrial consortium, and General Electric, a world leader in the production and manufacture of electrical power systems, medical, aerospace, telecommunications and financial products, created Prolec GE, a joint venture for the manufacturing of electrical transformers.

13.     This action involves loss an damage to a shipment of two Electric Transformers60, /80/100 MVA's, serial numbers G2357-01 and G2357-02(hereinafter "the cargo") which moved or was intended to move from Apodaca Nuevo Leon, Mexico to Port Arthur, Texas as described more fully in the KCS waybills numbered 289311 (G2357-01) and 289310 (G2357-02) and dated March 10, 2010.

14.     Plaintiff contracted with defendant HLI who in turn subcontracted with defendant KCS for the transport of the cargo as described herein.

15.     At approximately 3:30 on March 14, 2010, whilst the transporting vehicle was on the railroad track Laredo, Texas - Corpus Christie, Texas, near the town of Benavides, Alice County,

Texas, a derailment occurred causing several rail cars to overturn, including those cars that were carrying the subject cargo.

16. As a result of the derailment and overturn, the cargo suffered severe damage.

## First Cause of Action

17. On or about the dates and at the port of shipment stated herein, the cargo was delivered to the defendants in good order and condition, which said defendants received, accepted and agreed to transport for certain consideration to the ports of destination stated herein.

18. Thereafter, the said defendants delivered plaintiff's shipment, however not at the port of destination and the aforesaid shipment was short, missing and/or damaged.

19. As a result of the negligent, careless and reckless conduct aforesaid, the cargo became damaged, depreciated and rendered unfit for intended usage.

20. Said loss and damage was the result of defendants' wanton neglect, recklessness, and willful misconduct in that defendants, their agents, servants, connecting carriers, subcontractors, rail operators, rail maintenance personnel, terminal operators, truck drivers, warehousemen, ground-handling agents, and employees failed to properly receive, handle, store, stow, carry, transfer, route, protect and care for the cargo and in that defendants had no proper and effective procedures to receive, handle, store, stow, carry, transfer, route, protect and care for the cargo.

21. By reason of the premises, the above named defendants breached, failed and violated their duties and obligations as common carriers, bailees, warehousemen, and were otherwise at fault.

22. Plaintiff was the shipper, consignee, owner, or underwriter of the cargo, and brings this action on its own behalf and as agent and trustee, on behalf of and for the interest of all parties

4

who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

23.     Plaintiff has duly performed all duties and obligations on its part to be performed.

24.     By reason of the premises, plaintiff, and those on whose behalf they sue, have sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $2,356,066.22.

## Second Cause of Action

25.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "24" as though more fully set forth herein at length.

26.     When the cargo was received into the care, custody and control of defendants, or entities acting on their behalf, the cargo was in good order and condition.

27.     However, defendants failed to make delivery of the entire cargo to Prolec GE and/or its designated consignee(s) at the intended destination in the same order and condition. Instead, when delivery was finally made by defendants, after an extended period of time during which the whereabouts of the cargo was undisclosed, the cargo was in a damaged and depreciated condition which rendered it unfit for intended usage.

28.     By reason of the premises, plaintiff, and those on whose behalf they sue, have sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $2,356,066.22.

## Third Cause of Action

29.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "28" as though more fully set forth herein at length.

5

30.     The damage to the cargo in suit was caused in whole or in part by defendants' fundamental breaches of, and deviations from, the terms of the governing contracts of carriage.

31.     Said breaches and deviations included (a) defendants' failure to deliver the cargo as scheduled to Prolec GE and/or its designated consignee(s); (b) the failure to properly care for the cargo between the time of receipt of the cargo at the place of shipment and the time of eventual delivery, and (c) the eventual delivery of the cargo in a damaged and depreciated condition.

32.     By reason of the premises, plaintiff, and those on whose behalf they sue, have sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $2,356,066.22.

## Fourth Cause of Action

33.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "32" as though more fully set forth herein at length.

34.     In or around May-June 2009, as an inducement to Prolec GE to change logistics companies and retain the services of defendants HLI and/or FMMC for shipping plaintiff's transformers, HLI and/or FMMC represented to plaintiff that defendants maintained adequate insurance, including, but not limited to, cargo insurance.

35.     In or about October 2009, defendants HLI and/or its partner company, FMMC, provided plaintiff with a certificate of insurance identifying Prolec GE as an additional insured under a policy of insurance issued by Fireman's Fund Insurance Company dated on or about October 9, 2009.

36.    On February 1, 2010, a formal agreement in the form of a Memorandum of Understanding ("MOU") was reached between Prolec GE and HLI. A copy of which has been annexed hereto as Exhibit A.

37.    Under the terms of the MOU, the issue of insurance requirements is specifically stated at §5.0 thereof, indicating, *inter alia*, that "HLI will maintain at it's (sic) own expense $1mil Cargo insurance."

38.    Following the loss and damage to the cargo as described herein, plaintiff tendered its claim in the amount of $2,356,066.22 to HLI and FMMC for presentment to their cargo underwriters, Fireman's Fund Insurance Company.

39.    Defendants HLI and FMMC, without justification and in bad faith, have failed to present plaintiff's valid, covered claim for cargo loss or damage to their insurer.

40.    Plaintiff relied, to its detriment, upon the representations made by defendants HLI and FMMC that it had adequate insurance and that Prolec GE was a named additional insured under defendants cargo policy of insurance.

41.    Based upon HLI and FMMC's fraudulent inducements and plaintiff's justified reliance thereon, plaintiff awarded the logistics contract to HLI for the transport of Prolec GE's transformers.

42.    As a result of HLI's fraudulent inducement and bad faith, plaintiff, on its own behalf and on behalf of its insurers, has been damaged in the amount of $2,356,066.22.

### Fifth Cause of Action

43.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "42" as though more fully set forth herein at length.

7

44.     Defendant City, an insurance broker and acting at all times as agent for HLI, FMMC, owed a duty to plaintiff to procure all necessary and adequate insurance, including cargo insurance.

45.     Defendant City, through its negligence, malfeasance, errors and omissions, failed to procure the necessary cargo policy of insurance for the benefit of Prolec GE.

46.     As a result of City's negligence aforesaid, plaintiff, on its own behalf and on behalf of its insurers, has been damaged in the amount of $2,356,066.22.

WHEREFORE, plaintiff requests:

(a)     That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

(b)     That judgment may be entered in favor of Plaintiff against Defendants on the First, Second, Third, Fourth and/or Fifth Causes of Action for the amount of $2,356,066.22;

(c)     That this Court will grant to Plaintiff such other and further relief as may be just and proper, including an award of prejudgment interest and costs.

Dated: New York, New York
       May 11, 2011

Yours, etc.,

**CARUSO GLYNN, LLC**
Attorneys for Plaintiff
Prolec GE

By: _____
       Lawrence C. Glynn
       36 Peck Slip
       New York, New York 10038
       (718) 570-3338
       File No.:   42.111610.01

8