UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHARTIS SEGUROS MEXICO, S.A. de C.V., :
as subrogee of PROLEC GE :
INTERNACIONAL, S. de R.L., de C.V., : 1:11-cv-3238 (ALC) (GWG)
 :
Plaintiff, : **OPINION & ORDER**
 :
-against- :
 :
HLI RAIL RIGGING, LLC, et al., :
 :
Defendants. :
------------------------------------------------------------x
HLI RAIL & RIGGING, LLC and FRESH :
MEADOW MECHANICAL CORPORATION, :
 :
 :
Third-Party Plaintiffs, :
 :
-against- :
 :
FIREMAN'S FUND INSURANCE COMPANY :
and CITY UNDERWRITING AGENCY, INC., :
 :
Third-Party Defendants. :
------------------------------------------------------------x

2-9-15

ANDREW L. CARTER, JR., United States District Judge:

I.     INTRODUCTION

    A. Background[1]

In this action, Plaintiff Chartis Seguros Mexico, S.A de C.V. ("Chartis"), as subrogee of Prolec GE International, S.A. de R.L., de C.V., asserts claims under the Carmack Amendment, 49 U.S.C. § 11706, against Defendants HLI Rail Rigging, LLC ("HLI"), HLI's corporate parent, Fresh Meadow Mechanical Corporation ("FMMC") and Kansas City Southern Railway

---

[1] The facts stated herein are drawn primarily from this Court's March 13, 2014 Opinion & Order, *Chartis Seguros Mexico, S.A. de C.V. v. HLI Rail & Rigging, LLC*, 3. F. Supp. 3d 171 (S.D.N.Y. 2014), (ECF No. 248), and the underlying evidence cited therein.

Company ("KCSR"), after two of Prolec's electrical transformers were damaged when two railcars on a KCSR-operated train, each carrying one of Prolec's transformers, derailed near Benavides, Texas. Prolec had contracted with HLI for transport from its facility in Apodaca, Nuevo Leon, Mexico, to Port Arthur, Texas. HLI transported the transformers from the Prolec factory in Mexico to Laredo, Texas and then subcontracted the transport between Laredo and Port Arthur to KCSR.

In its September 16, 2011 "Answer to Chartis's Second Amended Complaint and Cross-Claim" (ECF No. 47), KCSR asserted, *inter alia*, an affirmative defense that, consistent with 49 U.S.C. § 11706, it had contractually limited its liability to $25,000 per rail car. (Answer ¶ 95.) KCSR also asserted a related cross-claim for indemnification against HLI, claiming that HLI agreed to indemnify it against any claim for an amount in excess of the aforementioned limited liability provision, plus reasonable costs of the defense and attorneys' fees. (Cross-Claim ¶¶ 1-7.) At bottom, KCSR contended that the March 10, 2010 bills of lading ("BOLs") issued to HLI included the terms in a price quote provided by KCSR to HLI ("Price Quote"), as well as the terms in KCSR's "Rules Publication KCS 9012," (the "Rules Publication"). (Cross-Claim ¶¶ 2, 4.) The Price Quote, which is referenced in the BOLs, contains the limitation of liability provision and references the Rules Publication by the statement "Price is subject to 9012." (Cross-Claim ¶¶ 3-4, Ex. A at 2.) The Rules Publication, meanwhile, contains the contractual indemnity provision and also instructs a shipper on how it can opt out of the limited liability in favor of full value liability under the Carmack Amendment. (Cross-Claim ¶ 5, Ex. C at 3, 5.)

### B. March 13, 2014 Opinion & Order

On November 9, 2012, HLI filed a cross-motion for partial summary judgment on KCSR's "Seventh Affirmative Defense [i.e., of limited liability] and Cross-Claim against

Defendants HLI and FMMC, that seek to limit KCSR's liability to $50,000 in this matter." (ECF No. 123). In one of three Opinion & Orders issued on March 13, 2014 ("March 13, 2014 Opinion & Order), this Court granted HLI's motion in part and struck KCSR's affirmative defense of limited liability. *See Chartis Seguros Mexico, S.A. de C.V. v. HLI Rail & Rigging, LLC*, 3. F. Supp. 3d 171 (S.D.N.Y. 2014). The Court found that, contrary to KCSR's assertions, the Carmack Amendment did govern the parties' relations, and that HLI's limitation of liability was therefore ineffective because it failed to provide HLI a reasonable opportunity to choose between two or more levels of liability as required under the Carmack Amendment. *Id.* at 181-94. Of particular note, the Court rejected KCSR's argument that the Rules Publication was incorporated by reference into the BOLs through the Price Quote's statement that "'Price was subject to 9012,'" given that this reference to the Rules Publication was vague and that the Rules Publication itself was only available on KCSR's website, a website that was referenced in neither the Price Quote or the BOLs. *Id.* at 193. Finally, although the Order notes that HLI's cross-motion sought "an order dismissing KCSR's "Seventh Affirmative Defense and Cross-Claim against Defendants HLI and FMMC, that seek to limit KCSR's liability to $50,000 in this matter,'" the Court declined to address the indemnity cross-claim because it found that the issue "was not noticed in KCSR's [cross-motion] and consequently was not fully briefed." *Id.* at 175 n.1 (citation omitted).

### C. Proceedings since March 13, 2014 Opinion & Order

On August 11, 2014, HLI and FMMC submitted a letter to this Court, on behalf of all parties except KCSR, which noted that the parties believed this Court had inadvertently failed to decide KCSR's cross-claim for contractual indemnification in the March 13, 2014 Opinion & Order. (ECF No. 318) The letter also noted that the pendency of the cross-claim was now an

obstacle to a tentative settlement that would resolve all claims in this action except those between KCSR and Chartis, and requested that the Court accept supplemental letter briefs and then proceed to decide the cross-motion on the cross-claim. As directed by the Court, on August 19, 2014, KCSR responded to this letter, and cited this Court's finding in the March 13, 2014 Opinion & Order that HLI had not adequately raised the issue. (ECF No. 322) After examining the issue, the Court advised the parties at a December 8, 2014 status conference that it believed its prior determination was clearly in error and that it was inclined to reconsider its decision on this issue and decide HLI's cross-motion for summary judgment on the cross-claim. It gave the parties leave to supplement their arguments on this issue, and invited KCSR to include any arguments as to why reconsideration might be inappropriate in its submission.

## II. DISCUSSION

### A. *Sua Sponte* Reconsideration

Under Rule 54(b) of the Federal Rules of Civil Procedure, "any order or other decision, however designated, that adjudicates . . . the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." While motions from the parties under Local Rule 6.3 are usually the catalyst for such reconsideration, a district court also possesses the inherent authority to *sua sponte* reconsider its own interlocutory orders before they become final. *Hogan v. Cnty. of Lewis, N.Y.*, No. 7:11-cv-0754, 2014 WL 118964, at *6 (N.D.NY. Jan. 10, 2014); *see also Golub v. Kidder, Peabody & Co.*, No. 89 CV 5903, 1991 WL 233259, at *1 (S.D.N.Y. Oct. 21, 1991) ("[I]nterlocutory orders . . . remain within the plenary powers of the court that rendered them to grant relief from them if justice so requires." (internal quotation marks omitted)). *Sua sponte* reconsideration is appropriate where there is a need to correct a clear error or prevent manifest

injustice, there is an intervening change in the applicable law, or new evidence is available. *Benavidez v. Piramides Mayas Inc.*, No. 09 CV 9574, 2013 WL 2357527, at *3(S.D.N.Y. May 24, 2013). The determination of "[w]hether such revision is appropriate in any given case is within the sound discretion of the trial judge." *Acha v. Beame*, 570 F.2d 57, 63 (2d Cir. 1978).

Applying the foregoing principles to the facts of this case, this Court has decided to exercise its discretion and *sua sponte* reconsider and revise its decision in the March 13, 2014 Opinion & Order not to resolve HLI's cross-motion for partial summary judgment on KCSR's cross-claim for contractual indemnification on the grounds that HLI had not moved for summary judgment on the cross-claim and the issue had not been adequately briefed. That aspect of the Court's decision is clearly erroneous, as the Opinion & Order itself quotes HLI's specific reference to KCSR's cross-claim for contractual indemnification in its notice of cross-motion. Further, the parties' submissions on the cross-motion directly and substantially addressed the cross-claim. Finally, the Court finds reconsideration warranted in light of the absence of any unfair prejudice to KCSR from doing so.[2]

### B. Analysis

The Court grants summary judgment to HLI on KCSR's cross-claim for indemnity against HLI because, as it found in the March 13, 2014 Opinion & Order, no reasonable jury could find that the Rules Publication was incorporated into the BOLs.[3] Like other contracts, a

---

[2] While KCSR does not argue in its supplemental submission that reconsideration would be unfairly prejudicial, it does question the propriety of HLI's advising the Court of the status of settlement negotiations it the August 11, 2014 letter. The Court finds that issue to be irrelevant to the current determination, and emphasizes that its sole objective in *sua sponte* reconsideration is to correct what is a plain mistake on its part.

[3] While neither party has raised the issue, the Court notes that it has serious doubts whether a clause in a bill of lading governed by the Carmack Amendment which provides for indemnification of the

bill of lading is generally held to incorporate the terms of an extrinsic document where there is a "specific reference" to that document and "unmistakable language" in the bill of lading that the terms in that document have been incorporated. *Cont'l Ins. Co. v. Polish S.S. Co.*, 346 F.3d 281, 283 (2d Cir. 2003); *see also MacSteel Int'l USA Corp. v. M/V JAG RANI*, No. 02 Civ. 7436(JGK), 2003 WL 22241785, at *2-3 (S.D.N.Y. Sept. 30, 2003) (collecting cases); *Creative Waste v. Capitol Environment*, 429 F. Supp. 2d 582, 602 (S.D.N.Y. 2006) (under New York law incorporation by reference requires (1) evidence that "parties knew of and consented to the terms to be incorporated by reference," and (2) that the document be "'described in the instrument [so] that the paper may be identified beyond all reasonable doubt'" (quoting *Chiacchia v. Nat'l Westminster Bank USA*, 507 N.Y.S.2d 888, 890 (2d Dep't 1986)). In this case, KCSR has simply not pointed to any evidence that would allow a reasonable jury to conclude that either requirement was satisfied.

For example, with respect to the specific reference requirement, as this Court observed in the Opinion & Order, no reasonable jury could conclude that "Price is subject to 9012" is a sufficiently specific reference to the Rules Publication because it does not cite to the Rules Publication which is merely an internal KCSR document accessible only on its website. Furthermore, there is no unmistakable language in the BOLs or the Price Quote indicating that HLI agreed to be bound by the terms in the Rules Publication. While KCSR's emphasizes again that HLI had adequate notice of the Rules Publication by way of the Price Quote's statement that "Price is subject to 9012," even assuming *arguendo* that this is true, being on notice of a

---

carrier for any amount in excess of that stated in a limited liability provision could be enforced where, as here, the limited liability provision itself has been held to be unenforceable under the Carmack Amendment. As neither party has raised the issue, however, and given that resolving it is not essential to the disposition of HLI's cross-motion, the Court assumes without deciding that such a provision could in fact be enforced.

document is one thing and unmistakably agreeing to be bound to all of its terms is quite another.

### III. CONCLUSION

For the reasons stated above, the Court has reconsidered its decision and the part of HLI and FMMC's November 9, 2012 cross-motion (ECF No. 116) for summary judgment on KCSR's cross-claim for contractual indemnification is **GRANTED**. The March 13, 2014 Opinion & Order, *Chartis Seguros Mexico, S.A. de C.V. v. HLI Rail & Rigging*, 3 F. Supp. 3d 171 (S.D.N.Y. 2014), is superseded to the extent it is inconsistent with any of the foregoing.

**SO ORDERED.**

Dated: February 9, 2015

**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**